IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | * | |
| CARLEE PARKS | * | CASE NO.: 23-11724 |
| Debtor | * | Chapter 13 |
| * * * * * * * | | |
| DEPARTED LLC | * | |
| Movant | * | |
| * * * * * * * * * * * * * | | |

**MOTION FOR ANNULMENT OF STAY PERTAINING TO
2022 TAX SALE OF DEBTOR'S REAL PROPERTY: 625 N. BOULDIN STREET**

**NOW COMES** Departed, LLC ("Movant") pursuant to 11 U.S.C. § 362 to respectfully request relief from the Automatic Stay, so as to permit the enforcement of any and all applicable rights and remedies pertaining to the tax sale foreclosure of real property located in Baltimore City and at the time, was owned by Carlee Parks ("Debtor"), commonly known as 625 N. Bouldin Street.

### Procedural History and Background

1. At all times relevant to the bankruptcy, the Debtor was an owner of record of property located in Baltimore City, commonly known as 625 N. Bouldin Street (the "Property").

2. The Movant purchased the property at tax sale on June 27, 2022. See the Certificate of Tax Sale, attached as **Exhibit A**.

3. Movant then filed its Complaint to Foreclose the Right of Redemption with the Baltimore City Circuit Court, on January 19, 2023 (Case No. 24-C-23-000535).

4. The Debtor then filed its Chapter 13 Bankruptcy Petition on March 14, 2023.

5. In good faith and without knowledge of the Bankruptcy/Automatic Stay, the Movant continued efforts toward obtaining a judgement in the foreclosure proceedings, in violation of the automatic stay.

6. The Debtor's Bankruptcy case was dismissed on March 5, 2024. See the Order with Notice Dismissing Case, attached as **Exhibit B**.

7. The Movant then obtained Decree/Judgment Foreclosing the Right of Redemption on May 30, 2024. See the Decree attached as **Exhibit C**.

8. The Movant's tax sale case was filed in good faith prior to the Debtor filing for bankruptcy, however most of the work for the foreclosure proceedings were largely conducted in violation of the automatic stay. Thus, the Movant's Decree is void unless this Honorable Court grants Movant's Request to Annul the Automatic Stay to protect Movant's Decree in the property.

## Argument

This Court may validate an unknowing violation of the automatic stay by annulling the stay such as to negate its existence entirely. *In re McCrimmon*, 536 B.R. 374, 380 (Bankr. D. Md. 2015) (citing *In re Lampkin*, 116 B.R. 450, 453 (Bankr. D. Md. 1900). The Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay . . . such as by terminating, **annulling**, modifying, or conditioning" the automatic stay. 11 U.S.C. § 362(d) (emphasis added). Specifically, Courts have held that the "inclusion of the word 'annulling' in the statute indicates a legislative intent to apply certain types of relief retroactively and validate proceedings that would otherwise be void *ab initio*". *McCrimmon*, 536 B.R. at 381 (citing *In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1994). Here, the Movant was unaware that the Debtor filed for bankruptcy and was not named as a creditor in the bankruptcy proceedings. See the List of Parties, attached as **Exhibit D**. The Movant's actions taken in the foreclosure proceedings, while in violation of the automatic stay, were conducted in good faith as Movant had no knowledge of the bankruptcy proceedings or the automatic stay thereto.

Bankruptcy courts have wide discretion in weighing the factors to determine what constitutes adequate cause to annul the stay. *Wiencko v. Ehrlich (In re Wiencko)*, 99 Fed. Appx. 466 (4th Cir. 2004). This Court has considered various factors including, but not limited to: (1) whether the creditor was aware of the bankruptcy petition, (2) whether there would be prejudice to the creditor, (3) whether creditors can be restored to their position prior to the violation, (4) the costs of annulling the stay, (5) how quickly the debtors moved to void the actions taken in violation of the stay, (6) whether annulment will cause irreparable injury to the debtor, (7) whether annulment will promote judicial economy, and (8) whether a motion for relief from stay would likely have been granted before the creditor acted in violation of the stay. *McCrimmon*, 536 B.R. at 381.

1. The creditor was unaware of the bankruptcy petition. Movant, Departed LLC, purchased the property from the Director of Finance at tax sale on June 27, 2022, and filed to Foreclose the Right of Redemption on January 19, 2023, several months prior to the Debtor filing for bankruptcy. Despite having filed the foreclosure complaint, the Movant was not named as a creditor or otherwise made a party to the bankruptcy proceedings. Acting in good faith and unaware of the automatic stay, Movant conducted the foreclosed proceedings without delay. Had Movant been made aware of the bankruptcy, it would have halted the foreclosure so as not to violate the automatic stay.

   The Movant did not learn of the bankruptcy proceedings until it listed the property for sale and the Settlement/Title company found the bankruptcy clouding title. While Movant did conduct a title search for the purposes of the foreclosure, its search did not reveal the bankruptcy proceedings. When Movant finally learned of the bankruptcy, it had already obtained a Judgement granting it title to the property. *See* the Affidavit of Yisroel Schaffel, principal of Departed LLC, attached as **Exhibit E**.

2. There will be prejudice to the creditor. The Movant incurred expenses, including legal fees and costs, in its efforts to foreclose on the property, unaware of the bankruptcy and the automatic stay. Additionally, the Debtor made no attempts to redeem the property or include the Movant in the bankruptcy proceedings. *See again,* Exhibits D and E. Should the Debtor have come forward to redeem the property from tax sale, Movant would have been made aware of the automatic stay and halted the tax sale foreclosure proceedings accordingly. Without intervention from this Court, Movant's Decree is void and its title to the property is clouded.

3. The parties are unable to be restored to their position prior to the violation of the stay. Prior to the violations of the automatic stay, legal fees and costs were incurred in the foreclosure proceedings for which Movant will never be reimbursed. Furthermore, Movant's position prior to the violations of the stay was merely a tax sale lien holder. Movant now holds equitable title to the property – both would be stripped should the Court deny this motion as Movant is unable to file a new Complaint to Foreclose due to the expiration of the Tax Sale Certificate.

4. The costs of annulling the stay are minimal. Should this Court grant Movant's request to annul the automatic stay, all of Movant's actions taken in violation of the automatic stay will be validated and

Movant's title to the property will be free and clear. The only additional costs are those incurred by Movant in filing this Motion.

5. The debtor has not moved to void any actions taken in violation of the stay. This is evidenced by the Debtors failure to redeem the property from tax sale, which she could have done at any time during the pendency of his bankruptcy or anytime thereafter. Rather, the Debtor failed to pay her property taxes and bills, failed to redeem the property from tax sale, and let her bankruptcy case get dismissed.

6. The annulment will result in irreparable injury to the Debtor. Should the annulment be granted, Movant will retain its title to the property as it has foreclosed on the Debtor. The Debtor has made no efforts to redeem the property from tax sale and can no longer do so. The Debtor's actions are the equivalent of her disclaiming her interest in the property.

7. Judicial economy will be promoted should the Court grant Movant's request to annul the stay. Movant has completed its tax sale foreclosure proceedings with the Baltimore City Circuit Court – Notice of the action has been posted on the property, published with the daily record, and sent to all parties in interest pursuant to Maryland law. Should Movant's request be denied, the Director of Finance will have to resell the property at tax sale and a new purchaser will have to reconduct the same foreclosure proceedings again – having to re-post and re-publish notice of the new foreclosure action and re-serve all the parties in interest. Movant's interest in the property will be lost as its lien is otherwise expired and its Decree void – all of its good faith efforts in the tax sale foreclosure will have been a waste.

8. Had a motion for relief from the automatic stay been filed prior to the violation, it likely would have been granted. Relevantly, the Debtor has no equity in the property – if he did, he would have come forward to redeem it from tax sale to realize and protect that equity. Further, Movant's tax lien is a secured interest and the property was not part of a structured reorganization – nor was it subject to discharge in the Debtor's Chapter 13 bankruptcy. The property at all relevant times to this matter was not the Debtor's principal residence. Furthermore, the Debtor has neglected to stay up to date on her property taxes and bills for many years and failed to redeem the property from tax sale. Had a motion for relief been filed prior to the violation, it very likely would have been granted

After considering all the factors discussed above, this Honorable Court should grant the Movant's Request for Annulment of the Automatic Stay. The Movant was unaware of the Debtor's bankruptcy proceedings when the violation occurred and will suffer prejudice without the annulment. The Debtor has done nothing to avoid or otherwise invalidate the violating actions and the parties are unable to be restored to their positions prior to the violation. Judicial economy will be promoted by the annulment, and the costs associated, if any, are minimal. Further, the annulment will likely not cause any irreparable injury to the Debtor since she has failed to redeem the property from tax sale. It is for these reasons that Movant requests this Court to grant the annulment of the stay.

## Notice

The Bankruptcy Code provides that "[o]n request of a party in interest and *after notice* and a hearing, the Court shall grant relief from the stay." 11 U.S.C. § 362(d) (emphasis added). Movant has sent notice of this Motion for Annulment of Stay to the Debtor at all of her known and publicly available addresses. *See* the Accurint People Search results indicating the likely whereabouts of the Debtor, attaches as **Exhibit F**. Copies of this Motion were sent by both certified mail and first-class mail to ensure proper notice. Movant will also send a private process server to serve the Debtor with a copy of Movant's Motion to further ensure proper notice of these proceedings. The Motion was also sent to the Debtor's Attorney of record, Alexander Sanchez..

WHEREFORE, the Movant prays this Honorable Court grant the following relief:

A. Enter an Order Annulling the Stay as to the property of the Debtor commonly known as 625 N. Bouldin St. Baltimore MD (Block 6153, LOT 039) retroactively dated on or before March 14, 2023, so as to validate Movant's tax sale foreclose proceedings and the Decree obtained therein;

B. That the Court grant such other and further relief as may be necessary.

Respectfully Submitted,

Date: 11/26/24

The Law Office of Anthony C. Onwuanibe

Anthony C. Onwuanibe, Esq.
MD Fed. Bar No. 25401
114 W. Mulberry Street, Baltimore, MD 21201
(410) 779-7040 | A.Onwuanibe@GTE.net
*Attorney for the Movant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of November 2024, a copy of the foregoing Motion to for Annulment of Automatic Stay, to were mailed by first class mail, postage prepaid to the following:

**Carlee Parks**
2721 Hamlin ST, NE
Washington, DC 20018

**Carlee Parks**
3420 Alto Rd
Baltimore, MD 21216

**Carlee Parks**
623 N. Clinton St
Baltimore, MD 21205

**Carlee Parks**
625 N. Bouldin St
Baltimore, MD 21205

**Carlee Parks**
4108 Reisterstown Rd
Baltimore, MD 21215

**Carlee Parks**
1640 Cliftview Ave
Baltimore, MD 21213

**Carlee Parks**
5724 Bondsor Ln
Richmond, VA 23225

Anthony C. Onwuanibe, Esq./s/
*Attorney for the Movant*

NO. 375713

**CERTIFICATE OF TAX SALE
MADE BY
DIRECTOR OF FINANCE OF BALTIMORE**

I, Henry J. Raymond, Director of Finance, Collector of Taxes for the City of Baltimore and the State of Maryland hereby certify that on   JUNE 27, 2022

I sold to   DEPARTED LLC
PO BOX 783                                        FORT WASHINGTON, PA 19034

at public auction, property in the City of Baltimore known as

0625 N BOULDIN ST

and described as follows:   Lot Size   14-2X70

(Being known as Ward 26   Section 20   Block 6153   Lot 039
on the Tax Roll of the Director of Finance).

Said property having been assessed to PARKS, CARLEE 2721 HAMLIN ST, NE

Was sold for the sum of THIRTY-THREE THOUSAND SIX HUNDRED FIFTY AND 00/100 DOLLARS

of which  ONE THOUSAND NINE HUNDRED NINETEEN AND 34/100 DOLLARS

is the total amount of taxes and other municipal liens due on the property at the time of the sale, together with interest and penalties thereon and expenses incurred in making the sale. The property described in this Certificate is subject to redemption. On redemption, the holder of this Certificate will be refunded the sums paid on the amount of the purchase price, together with interest at the rate of up to 18 % per year from the date of payment to the date of redemption (except as stated in subsection (b) of §14-820 of the Tax-Property Article of the Annotated Code of Maryland) together with all other amounts specified by Chapter 761 of the Acts of 1943 and acts that amend that chapter. The balance due on account of the purchase price and all taxes and other municipal liens, together with interest and penalties on them accruing subsequent to the date of sale, must be paid to the Collector before a deed can be delivered to the purchaser. After   DECEMBER 27, 2022   (or earlier if permitted by Chapter 254 of the Acts of 1963 and acts that amend that chapter) a proceeding can be brought to foreclose all rights of redemption in the property. This Certificate will be void unless such proceeding is brought within two (2) years from the date of this Certificate, unless otherwise provided by law, including but not limited to §§14-817 and 14-833 of the Tax-Property Article of the Annotated Code of Maryland. This property was previously sold at the Tax Sale of

Witness my hand and seal this   TWENTY-SEVENTH day of   JUNE 2022

*H. J. Raymond* (signature)

HENRY J. RAYMOND
Director of Finance/Collector

EXHIBIT A

TXSL12 Rev. 0 10/2014

Entered: March 11th, 2024
Signed: March 8th, 2024

**SO ORDERED**



MICHELLE M. HARNER
U.S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## at Baltimore

In re:   Case No.: 23–11724 – MMH   Chapter: 13

**Carlee Parks**
Debtor

## ORDER WITH NOTICE DISMISSING CHAPTER 13 CASE
## AND NOTICE THAT AUTOMATIC STAY IS TERMINATED

By Order of Court entered on February 16, 2024, the Debtor was given leave to file an amended plan by March 5, 2024, or to dismiss or convert this case to another chapter. However, the Debtor has not done so.

It is, therefore, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the above-captioned Chapter 13 case is DISMISSED; and it is further

ORDERED, that, to the extent the Trustee holds funds that would otherwise be returned to the Debtor, the Trustee shall first remit therefrom to the Clerk unpaid filing and administrative fees of $ –0– and then remit therefrom any unpaid claim allowed under 11 U.S.C. § 503(b); and

ALL PARTIES ARE HEREBY NOTIFIED, that the automatic stay imposed by 11 U.S.C. § 362(a) is terminated.

cc:   Debtor
      Attorney for Debtor – PRO SE
      Case Trustee – Brian A. Tucci

**End of Order**

15x11 (rev. 12/13/2012) – LiaAure



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

In re:   Case No.: **23-11724 - MMH**   Chapter: **13**

**Carlee Parks**
Debtor

## NOTICE OF DISMISSAL

TO: All Creditors and Interested Parties

You are hereby notified that an Order Dismissing the above case was entered on 3/11/24.

ALL PARTIES ARE HEREBY NOTIFIED, that the automatic stay imposed by 11 U.S.C. § 362(a) is terminated.

Dated: 3/11/24

    Mark A. Neal, Clerk of Court
    by Deputy Clerk, Lia Aure
    301-344-3392

Form ntcdsm

| | | |
|---|---|---|
| DEPARTED, LLC, | * | IN THE |
| | * | |
| Plaintiff, | * | CIRCUIT COURT |
| | * | |
| v. | * | FOR |
| | * | |
| DAVID H. COHEN, *et al.*, | * | BALTIMORE CITY |
| | * | |
| Defendants. | * | |
| | * | Case № 24-C-23-000535 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### JUDGMENT FORECLOSING RIGHT OF REDEMPTION

The submissions in the above captioned case having been read and considered, the Court finds that all Defendants were personally served or were notified in accordance with Maryland Rule 14-503 and §14-839(a) of the Tax-Property Article of the Maryland Code Annotated and also were notified by an Order of Publication issued out of this Honorable Court, that the time limit set in the Order of Publication and in the summons has expired, and that no redemption has been made by any party in interest. Therefore, it is, this 30 day of May, 2024,

**ORDERED** that judgment be, and it is hereby, entered in favor of Plaintiff foreclosing the right of redemption in the property below described as: <u>625 N. Bouldin St., Lot Size: 14-2X70 (being known as: Ward 26, Section 20, Block 6153, Lot 039 on the Tax Roll of the Director of Finance)</u>; and it is further

**ORDERED** that Plaintiff is vested with an absolute and indefeasible **fee simple** title, free and clear of all alienations and descents of the property occurring before the date of the judgment and encumbrances on the property, except taxes and municipal liens that have accrued after the date of the sale and easements of record and any other easement to which the property is subject that may be observed by an inspection of the property; and it is further

**ORDERED** that the Director of Finance shall execute and deliver a Deed to the Plaintiff, and Plaintiff's successors and assigns, in accordance with the provisions of §§ 14-831 and 14-847 of the Tax-Property Article of the Maryland Code Annotated; and it is further

**ORDERED** that the Supervisor of Assessments of Baltimore City shall enroll Plaintiff as the **fee simple** owner of the above-described property.

<u>The Clerk is directed to close the case.</u>
<u>Plaintiff to pay costs.</u>

TRUE COPY TEST

Judge Lawrence Fletcher-Hill
Signature appears on original document

*Xavier A. Conaway*
Xavier A. Conaway, Clerk of the Circuit Court


EXHIBIT C

**23-11724** Carlee Parks
**Case type:** bk **Chapter:** 13 **Asset:** Yes **Vol:** v **Judge:** Michelle M. Harner
**Date filed:** 03/14/2023 **Date of last filing:** 06/23/2024
**Debtor dismissed:** 03/11/2024
**Date terminated:** 06/21/2024

# Parties

**Carlee Parks**
3402 Alto Road
Baltimore, MD 21216
SSN / ITIN: xxx-xx-1836
*Added: 03/14/2023*
*(Debtor)*
PRO SE

represented by

**Alexander Sanchez**
Sanchez Garrison & Associates, LLC
575 S. Charles St.
Suite 404
Baltimore, MD 21201
410-734-2200
410-734-2220 (fax)
Email: sanchez@sanchezgarrison.com
*Assigned: 03/14/23*
*TERMINATED: 03/04/24*
*LEAD ATTORNEY*

**Brian A. Tucci**
Brian A. Tucci, Chapter 13 Trustee
P.O. Box 1110
Millersville, MD 21108
410-825-5923
410-825-5904 (fax)
Email: ECF@ch13balt.com
*Added: 03/14/2023*
*(Trustee)*

| PACER Service Center |||
|---|---|---|
| Transaction Receipt |||
| 11/19/2024 13:54:43 |||
| **PACER Login:** | Samuel.Blotter | **Client Code:** |
| **Description:** | Party List | **Search Criteria:** | 23-11724 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |


EXHIBIT D

# Affidavit of Yisroel Schaffel

I, Yisroel Schaffel, am over the age of eighteen, located at 9505 Reisterstown Rd #2NW Owings Mills MD 21117, and hereby affirm the following:

1. That I am the principal of Plaintiff in the tax sale foreclosure action pertaining to 625 N. Bouldin Street, captioned: <u>Departed LLC v Carlee Parks, et al.</u> (Case No.: 24-C-23-000535).

2. That I had no knowledge of the Debtor, Carlee Parks, filing for bankruptcy and thus had no knowledge of the automatic stay.

3. That all actions taken in the tax sale foreclosure that were in violation of the automatic stay were taken in good faith. Had I known of the bankruptcy case and the automatic stay, I would have ceased all work on the tax sale foreclosure.

4. That the title search conducted as part of the tax sale foreclosure proceedings against the property did not reveal the Debtor's bankruptcy.

5. That the Debtor did not add Departed LLC as a Creditor party to her bankruptcy case, nor did I receive any kind of notice from the Debtor to indicate that she had filed for bankruptcy.

6. That the Debtor made no attempts to redeem the property from tax sale.

**I SOLEMNLY AFFIRM** under the penalties of perjury that the contents of the foregoing Affidavit are true to the best of my knowledge, information, and belief.

Date: November 21, 2024

_____
Yisroel Schaffel


EXHIBIT E

1  2  3

**Last Name:** PARKS; **First Name:** CARLEE; **State:** MD;

FURTHER RESEARCH

*No Images Available*

Reports for this Record

| Comprehensive Report | Custom Comprehensive Report |
| Finder Report | Address Report |
| Contact Card Report | Asset Report |
| Pre-Litigation Report | Summary Report |
| Relatives | Neighbors |
| Associates | Relatives, Neighbors & Associates |
| Workplace Locator | People at Work |
| Relavint Visual Link Analysis | Court Search |
| Social Media Locator | |

See report type examples

Alerts for this Record

Setup Alert

| ALL | NAME | SSN | ADDRESS | PHONE(S) | INDICATORS |
|---|---|---|---|---|---|
| 1. | CARLEE T PARKS<br>CARLEE PARKS<br>CARLEE FRAIERSON<br>DOB: 3/xx/1961<br>Age: 63 | SSN:xxx-xx-xxxx ✓ | 3402 ALTO RD<br>BALTIMORE, MD 21216-1803,<br>BALTIMORE COUNTY<br>Nov 1996 - Aug 2024<br>✓ Probable current address | |  property / people at work |
| | | | 623 N CLINTON ST<br>BALTIMORE, MD 21205-2812,<br>BALTIMORE COUNTY<br>Feb 2006 - 2023 | | |
| | | | 625 N BOULDIN ST<br>BALTIMORE, MD 21205-2809,<br>BALTIMORE COUNTY<br>2015 - 2023 | | |
| | | | 4108 REISTERSTOWN RD<br>BALTIMORE, MD 21215-6716,<br>BALTIMORE COUNTY<br>Apr 2007 - 2023 | | |
| | | | 1640 CLIFTVIEW AVE<br>BALTIMORE, MD 21213-1310,<br>BALTIMORE COUNTY<br>Dec 1994 - 2022 | | |
| | | | 5724 BONDSOR LN<br>RICHMOND, VA 23225-2826,<br>RICHMOND COUNTY<br>Sep 1991 - 2023 | | |

1  2  3

**Last Name:** PARKS; **First Name:** CARLEE; **State:** MD;

**Your DPPA Permissible Use:** Civil, Criminal, Administrative, or Arbitral Proceedings

**Your GLBA Permissible Use:** Use by Persons Holding a Legal or Beneficial Interest Relating to the Consumer

**Your DMF Permissible Use:** No Permissible Purpose


EXHIBIT F